UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT J. CLAYBRONE,**

    **Plaintiff,**

**v.**                                                                 **Case No. 3:12cv381/MCR/CJK**

**GOLDRING GULF DISTRIBUTING,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (Doc. 1). Defendant has filed an answer, which includes a motion to dismiss (doc. 14). Plaintiff has responded. (Doc. 17). After careful consideration, the court concludes that defendant's motion should be granted and the claim for age discrimination under 29 U.S.C. § 621 *et seq*. dismissed.

### THE COMPLAINT AND ALLEGATIONS

    Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that in May 2011 he overheard his night shift supervisor, Chris Rutland, "refer to black people as nigger," when plaintiff entered the room. (Doc. 1, p. 4). Rutland then stated that plaintiff "did not mind [Rutland] refering [sic] to [plaintiff] as a nigger. Because black people refer to each other as niggers." (Doc. 1, p. 4). In June 2011, "hispanic warehouseman" John Moralaz asked plaintiff, "what's up my nigger?" (Doc. 1, p. 4).

On July 29, 2011, plaintiff's "white general manager" Joey Lnu told him, "due to a no show [plaintiff] could resign or be terminated." (Doc. 1, p. 4). Plaintiff believes he was "forced to resign" because of his race, African American, and because he complained of racial discrimination. Plaintiff then details other instances allegedly supporting his claim that he was fired because of his race. In March 2011, plaintiff complained of racial discrimination after Rutland "use[d] the n words." In February 2011, Thomas Wisar, a "white warehouseman," did not show up for work on "at least two straight days and was not terminated." (Doc. 1, p. 5).

As a result of the foregoing conduct, plaintiff claims "[u]nequal treatment for 3 1/2 year[s] . . . ." Plaintiff believes he was retaliated and discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Doc. 1, p. 5). Plaintiff further indicates he was discriminated against because of his age. (Doc. 1, p. 3). As relief, plaintiff seeks monetary damages and "what [he] lost." (Doc. 1, p. 6).

## THE MOTION TO DISMISS

Defendant's motion to dismiss takes issue with plaintiff's claim of age discrimination. (Doc. 14, p. 6). With his complaint, plaintiff attached his Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission ("EEOC"), as well as his Charge of Discrimination filed with the Florida Commission on Human Relations and the EEOC. (Doc. 1, pp. 8-10). Defendant notes that plaintiff's Charge of Discrimination includes only complaints of racial discrimination and an additional claim for retaliation. (Doc. 1, p. 10). Similarly, the Notice of Right to Sue letter from the EEOC addresses only plaintiff's claims of discrimination due to his race, and leaves the section pertaining to age discrimination

completely unmarked. (Doc. 1, p. 8). Defendant, therefore, argues that plaintiff's claim of age discrimination should be dismissed because the charging document did not include a complaint for age discrimination, a statutory pre-requisite under the ADEA which must be fulfilled prior to asserting a claim for age discrimination.

## PLAINTIFF'S RESPONSE

In his response to the motion to dismiss ("response"), plaintiff argues that he has "clearly stated 2 prima facial [sic] case." (Doc. 17, p. 1). Plaintiff then claims that the defendant has not acted in good faith.

## ANALYSIS

In ruling on a motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged . . . in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Sinaltrainal*, 578 F.3d at 1260; *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Further, the complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A complaint is also subject to dismissal under [Federal Rule of Civil Procedure] . . . 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir.

2001); *see also LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6).").

"The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (citing 29 U.S.C. § 626(d)(2)); *see also* 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). Because plaintiff failed to file a charge of age discrimination with the EEOC prior to bringing suit, his claim for age discrimination should be dismissed.[1] *See Richey v. City of Lilburn*, 127 F. Supp. 2d 1250, 1257 (N.D. Ga. 1999) (holding that "because plaintiff failed to file an EEOC charge of age discrimination as required," summary judgment was appropriate on that claim); *see also Schism v. U.S.*, 972 F. Supp. 1398, 1406 (N.D. Fla. 1997) ("[P]laintiffs neither exhausted their administrative remedies nor gave the EEOC notice with respect to the age-related violations alleged in the complaint. As a result, the claim of age discrimination, if construed as arising under the ADEA, must be dismissed.").

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 14) be GRANTED to the extent indicated in this Report and Recommendation, and plaintiff's claim of age discrimination DISMISSED WITH PREJUDICE.

---

[1] In his response, plaintiff includes his EEOC intake questionnaire. (Doc. 17, p. 3). Importantly, plaintiff does not indicate he was discriminated against on the basis of his age in the questionnaire or indicate his intent to file a charge of age discrimination.

*Case No: 3:12cv381/MCR/CJK*

At Pensacola, Florida this 31st day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).