UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT J. CLAYBRONE,**

    **Plaintiff,**

v.                                        Case No.  3:12cv381/MCR/CJK

**GOLDRING GULF DISTRIBUTING,**

    **Defendant.**

_____/

## ORDER

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 27, 2015 (doc. 67).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has made a de novo determination of the timely filed objections (doc. 68).

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.[1]

---

[1] Although the Report and Recommendation reaches the correct result, the Court's order should reference the Supreme Court's decision in *University of Texas Southwest Medical Center v. Nassar*, 133 S. Ct. 2517, 2533 (2013), adopting a "but-for" causation test in retaliation cases. *See also Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774, 779 (11th Cir. 2014); (explaining that even if plaintiff established prima facie case, she must still establish that her protected activity was but for cause of termination); *Mealing v. Ga. Dep't of Juvenile Justice*, 564 F. App'x 421, 427 (11th Cir. 2014). Based on the instant record, Claybrone cannot show that he would not have been forced to resign but for his protected activity. First, there is no evidence that Goldring was even aware of the bulk of Claybrone's protected activity, including his three successive EEOC charges and complaints to the NAACP. Instead, the record shows that Goldring was aware only of Claybrone's single complaint to his manager of racial discrimination. *See Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (explaining decision-maker must be aware of protected activity for plaintiff to establish causality). Second, the undisputed facts show that Claybrone had a poor record at work. He received a "below target" performance review on his ability to work with others. He received two subsequent warnings for inappropriate conduct, including a warning for "offend[ing] fellow co-workers and . . . creat[ing] a negative work environment." He then violated Goldring's policy by refusing to sign the second warning. He also failed to show up for work without

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Defendant's Motion for Summary Judgment (doc. 50) is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE.**

3. The Clerk is directed to close the file.

**DONE AND ORDERED** this 18th day of September, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

notifying Goldring. Given that Claybrone presents no argument or evidence to undermine Goldring's assertion that he was asked to resign due to his poor work record, the Court finds that no reasonable jury could find that Claybrone would not have been forced to resign but for his complaint to his manager about racial discrimination.